THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT AGOGLIA, Appellant.—

Christ, P. J., Hopkins, Munder and Martuscello, JJ., concur; Rabin, J., dissents and votes to affirm the judgment insofar as appealed from, with the following memorandum: In my opinion, *People* v. *Wallace* (26 N Y 2d 371) does not mandate that all delays in prosecution in excess of 11 months automatically warrant dismissal of an indictment for lack of a speedy trial. In *Wallace* it was reiterated that motions to dismiss for lack of prosecution are addressed to judicial discretion and that the People have the burden of showing justification for delay (p. 374). At bar, it is my opinion that delay in the prosecution of appellant on the charge of escape was not solely occasioned by the inaction of the prosecutor and was in large measure ascribable to the persisting criminal activities of appellant. On May 5, 1965, appellant was sentenced to a term of imprisonment by the Supreme Court, Kings County, for buying and receiving stolen property. In August, 1965 he was brought down from prison to the Supreme Court, Richmond County, to face trial on a 1963 Richmond County indictment, accusing him of burglary and larceny. In the Richmond County courthouse, he and two others overpowered a guard and escaped from detention. While at large, on September 20, 1965, appellant was arrested in Brooklyn for a robbery. On September 23, 1965, he was indicted in Richmond County for the escape and was arraigned on that charge the following day, when he was remanded to prison under the prior Kings County

sentence. At that point in time, appellant remained with two undisposed of charges in Richmond County — the burglary and larceny charges and the escape accusation. On February 23, 1966, the Richmond County prosecutor moved the burglary and larceny charges for trial, but appellant did not answer. On November 14, 1966, appellant was again called for trial on those charges and this time responded and initiated the instant proceedings for dismissal of the escape charge. In the interim, appellant arranged to compromise the burglary and larceny charge by a misdemeanor conviction. It seems to me that appellant is not free to isolate his escape charge from the burglary charge, when both were pending in Richmond County, and to ascribe lack of diligence to the prosecutor for proceeding slowly on the escape charge alone. The fact survives that the District Attorney did process the burglary case, and must receive credit for this effort, and, therefore, the real situation is that within five months after appellant's arraignment on the escape charge he was again in court in Richmond, albeit on a different charge. Thereafter, and nine months later, he was in court again on the latter charge. Accordingly, it might be concluded that in this case, where in one county appellant had two charges pending against him, the lack of diligence of the District Attorney must be measured, not on his efforts in one case, but rather on his efforts in both cases. At bar, the best that could be said for appellant is that, in one instance, the District Attorney delayed five months, and then delayed nine more months, but neither period of delay exceeded the eleven month period present in *Wallace (supra)*. If justice is not to be reduced to mere strategem, i.e., allow appellant to forget about the burglary and larceny charges because they wound up with a misdemeanor conviction on which he received no sentence, and argue only about his felony conviction on the escape charge, it seems to me that appellant may not sever the District Attorney's efforts in prosecution into culpable and nonculpable elements of neglect, but must treat the prosecutor on the basis of his whole attempts to move all of appellant's pending cases to trial. While appellant asserts that the prosecutor's inaction deprived him of a speedy trial, it seems idle to accept that thesis in this particular case. Not only was appellant in prison on the 1965 Kings County sentence, but he was also under indictment in Kings County for the robbery committed in Brooklyn while he was an escapee. There was, therefore, no prejudice to appellant at any time as a result of the instant pending escape indictment. In effect, appellant himself caused delay in his prosecution, by failing to submit to the orderly process of trial when brought down to Richmond County in August, 1965.